

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| SHANTEL SCHRAG, | ) | |
| | ) | No. 39940-1-III |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW SCHRAG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, A.C.J. — Shantel Schrag appeals a sexual assault protection order (SAPO) restraining her from contact with her 11-year-old daughter, E.S. Shantel[1] proffers several reasons for overturning the SAPO. We find two dispositive: (1) the petition does not allege she committed the sexual assault against E.S. as required by RCW 7.105.100(1)(b), and (2) the court's sexual assault finding is not supported by substantial evidence. We therefore reverse without need to address Shantel's remaining arguments.

BACKGROUND

Shantel and Matthew Schrag are the separated parents of 11-year-old E.S. Under the parties' parenting plan, E.S. generally lives with Shantel during the school year and is

---

[1] Because the parties share the same last name, we refer to them by their first names for clarity. No disrespect is intended.

with Matthew over the summer. Shantel is also the mother of another child, O.C., who was 17 years old at the time the litigation in this case commenced. O.C. occasionally lived with Shantel and E.S.

In 2023, Matthew filed a petition in the Lincoln County Superior Court for a SAPO on behalf of E.S. against Shantel.[2] In his petition, Matthew alleged Shantel should be restrained from contact with E.S. due to "severe emotional, mental and physical sexual abuse." Clerk's Papers (CP) at 4. He attached a letter to his petition explaining the reasons for his request.

Matthew's letter stated E.S. had reported being sexually abused by O.C. since 2017. E.S. told Matthew she had informed Shantel about the abuse, but Shantel was dismissive. According to Matthew, Shantel continued to leave E.S. alone with O.C., despite E.S.'s allegations. Matthew claimed that law enforcement told him that they had developed probable cause to charge O.C. and that O.C. was being referred for prosecution. Matthew provided no information suggesting Shantel was under criminal investigation.

Several people filed responsive declarations on behalf of Shantel denying Matthew's allegations. According to Shantel, she has "been proactive about getting

---

[2] Matthew also filed another petition for a SAPO on behalf of E.S. against O.C. That SAPO is the subject of a separate appeal.

[E.S.] treatment and help." CP at 42. In addition, Shantel stated O.C. had decided to live with her father and did not want to be in the same household as E.S.

The court held a hearing on Matthew's petition, where it heard argument from counsel.[3] At the close of the hearing, the court ruled it would enter a one-year SAPO restraining Shantel from contact with her daughter outside of two weekly visits supervised by E.S.'s paternal grandmother.[4] The court explained it was issuing the SAPO because of evidence that Shantel was "not protecting" E.S. Rep. of Proc. at 26. The court's written order was issued on a standard SAPO form. On the form, the court checked boxes stating it was issuing the SAPO based on the findings that Shantel "subjected [E.S.] to nonconsensual sexual conduct or nonconsensual sexual penetration" and that Shantel "represents a credible threat to the physical safety of [E.S.]." CP at 94-95.

Shantel timely appeals. CP at 104.

ANALYSIS

We review a trial court's decision to grant a protection order for abuse of discretion. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). Discretion is abused if the trial court's decision is grounded in unsupported facts or legal error. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003).

---

[3] The court did not take testimony.
[4] The court also stated it would enter a SAPO restraining O.C. from contact with E.S.

"A parent may petition for [a SAPO] on behalf of . . . [a] minor child." RCW 7.105.100(b)(ii). But the petition "must allege the existence of nonconsensual sexual conduct or nonconsensual sexual penetration that was *committed against the petitioner by the respondent*." RCW 7.105.100(1)(b) (emphasis added). In addition, to issue a SAPO, the trial court must find that the party to be protected has been "*subjected* to nonconsensual sexual conduct or nonconsensual sexual penetration *by the respondent*." RCW 7.105.225(1)(b) (emphasis added).

Matthew's petition on behalf of E.S. did not allege Shantel committed "nonconsensual sexual conduct or nonconsensual sexual penetration" as required by RCW 7.105.100(1)(b). Rather, he alleged Shantel showed "unwillingness to protect E.S.;" "justified" O.C.'s sexual abuse; and engaged in "mental abuse" of E.S. CP at 15, 7. These allegations are concerning. But they are not sufficient to qualify for a SAPO under RCW 7.105.100(1)(b).

Nor was the trial court presented with sufficient facts to conclude Shantel had "subjected" E.S. to nonconsensual sexual conduct or nonconsensual sexual penetration as required by RCW 7.105.225(1)(b). The verb "subject" means "to cause to undergo or

4

submit to." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2275 (1993).[5] There is no evidence in the record that Shantel caused O.C. to sexually abuse E.S. As previously noted, Matthew's allegations were that Shantel failed to protect E.S. from O.C.'s abuse. This is insufficient to justify a SAPO under RCW 7.105.225(1)(b).

The allegations in Matthew's petition and the evidence presented to the court were insufficient to justify a SAPO against Shantel. The trial court therefore abused its discretion in issuing the order.

Reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Cooney, J.

---

[5] Because the applicable statute does not define the term "subjected," we may consult a dictionary definition. *See State v. Mitchell*, 169 Wn.2d 437, 444, 237 P.3d 282 (2010).